OPINION
In 1993, appellee Kings Pub, Inc. ("Kings"), was charged with three violations of Ohio Adm. Code 4301:1-1-52, otherwise known as ("Regulation 52"). Two citations were the result of the illegal sale of the prescription drugs Phronelin and Doxepin by a bartender, and the third was the result of an illegal purchase of one hundred dollars in food stamps, in return for fifty dollars in cash. In Kings Pub v. Liquor Control Comm. (Sept. 30, 1998), Franklin App. No. 98AP-225, unreported, we set forth the relevant facts of this matter as follows:
 Appellee is a permit holder doing business as the Caravan Bar at 1127 North High Street in Columbus. As a result of a special investigation conducted at the premises, appellee was charged with three violations of Regulation 52: two incidents of trafficking in drugs on the permit premises and one incident of trafficking in food stamps on the premises. While appellee denied the violations, it stipulated to the investigator's report. After testimony in mitigation, the commission found appellee to have violated Regulation 52 in all three instances and revoked its permit effective noon October 17, 1996.
Appellee appealed the commission's determination to the Franklin County Court of Common Pleas, which issued a stay order. Following briefing, the common pleas court concluded:
 "This Court's reading of OAC 4301:1-1-52 leads it to conclude that the conduct of Appellant which is described above is not such as is prohibited by this regulation. It is the intent of this rule, as it is written, to regulate entertainment on the permit premises. The conduct investigated in this case cannot be described as entertainment."
As noted, on September 30, 1998, this court issued a decision which concluded that the trial court had improperly interpreted the language of Regulation 52 as applicable only to conduct that can be characterized as "entertainment." We therefore reversed the trial court's judgment and remanded this matter for consideration of Kings' constitutional challenge to Regulation 52. Later, on July 7, 1999, the trial court issued a decision in which it found Regulation 52 unconstitutional. Appellant, Ohio Liquor Control Commission, now raises the following assignment of error:
 The common pleas court abused its discretion when it ruled regulation 4301:1-1-52, Ohio Admin. Code unconstitutional.
In this case, the trial court determined that Regulation 52 is unconstitutionally vague and overbroad. Specifically, the court explained:
 * * * The Court is also cognizant of decisions from the Tenth District which have upheld the validity of Reg. 52. * * *
It would appear that any reasonable person, or permit holder, would be sufficiently apprised that criminal activity by its agents could result in revocation of the liquor permit. [Kings] recognizes that a conviction would have effectively foreclosed any arguments against the Commission's revocation. * * * This Court would reflect that [the] illegal sale of prescription drugs or [the] illegal purchase of food stamps is improper conduct. However, the Court's consideration does not end with that conclusion. The "improper conduct" language of Reg. 52 must also be scrutinized to determine if the Commission had reasonably sufficient guidelines to prevent arbitrary or discriminatory enforcement. This Court finds that [the] Commission did not.
Regulation 52 states:
 No permit holder, his agent, or employee shall knowingly or willfully allow in, upon or about his licensed premises improper conduct of any kind, type or character; any improper disturbances, lewd, immoral activities or brawls; or any indecent, profane or obscene language, songs, entertainment, literature, pictures, or advertising materials; nor shall any entertainment consisting of the spoken language or songs which can or may convey either directly or by implication an immoral meaning be permitted in, upon or about the permit premises.
This court has on several occasions determined that Regulation 52 is neither vague or overbroad. In WFO Corp. d/b/aBristols v. Ohio Liquor Control Comm. (Oct. 31, 1996), Franklin App. No. 96APE05-558, unreported, we observed:
 Appellant's first, second and third assignments of error all present a question of law: namely, whether or not Regulation 52 is constitutional.
* * *
 In Salem [v. Liquor Control Comm. (1973), 34 Ohio St.2d 244] the Ohio Supreme Court addressed the issues presented in appellant's first, second and third assignments of error. In that case, the court held that Regulation 52 did not offend First Amendment rights of free expression, and specifically rejected the contention that Regulation 52 was uncertain of meaning, vague and/or indefinite. Id. at 249.
We continued:
 * * * [A]ppellant argues that Regulation 52 is unconstitutionally void for vagueness and/or overbroad. The Ohio Supreme Court has already rejected this argument. Salem, supra. Although appellant has contended that Salem should not control due to its reliance on [California v. LaRue (1972), 409 U.S. 109], the Salem court's analysis pertaining to whether or not Regulation 52 was vague or indefinite does not rely on LaRue or the Twenty-First Amendment. This court has previously rejected constitutional challenges to Regulation 52, such as those brought by the appellant. See Benny's Inc. v. Liquor Control Comm. (Apr. 15, 1969), Franklin App. No. 9268, unreported; Insight Enterprises, Inc. v. Ohio Liquor Control Comm. (1993), 87 Ohio App.3d 692.
 * * * Regulation 52 is an administrative regulation which is applied in a civil proceeding, not a criminal statute. Thus, the needed specificity commanded constitutionally in a criminal statute is not required. Salem at 246; Dandridge v. Williams (1970), 397 U.S. 471, 90 S.Ct. 1153; see, also, State v. Young (1980), 62 Ohio St.2d 370 * * *[.]
 Given this court's prior decisions in Benny's Inc., supra; and Insight Enterprises, Inc., supra, we again hold that Regulation 52 is not unconstitutionally vague and/or overbroad. * * *
The doctrine of stare decisis demands respect in a society governed by the rule of law. Akron v. Akron Center forReproductive Health, Inc. (1983), 462 U.S. 416, 419-420,103 S.Ct. 2481, 2487. A healthy respect for precedent, however, does not prohibit a court from revisiting past decisions which, in hindsight, are thought to be ill determined. However, this is not the case here. Very recently, this court once again addressed a challenge to the constitutionality of Regulation 52. In PlanetEarth Entertainment, Inc. v. Ohio Liquor Control Commission
(1998), 125 Ohio App.3d 619, we stated:
 * * * Although authority to the contrary has recently issued from the Eighth Appellate District, see Cleveland's PM on the Boardwalk, Ltd. v. Ohio Liquor Control Comm. (Jan. 23, 1997), Cuyahoga App. No. 69779, unreported, 1997 WL 25522, we remain both persuaded and bound by our prior holding on this issue pending a resolution of the conflict upon certification to the Ohio Supreme Court. [Id. at 623.]
Consistent with our prior opinions on this matter, appellant's assignment of error is sustained. See WFO Corp. d/b/aBristols v. Ohio Liquor Control Comm. (May 29, 1997), Franklin App. No. 96APE10-1314, unreported. The judgment of the Franklin County Court of Common Pleas is therefore reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
LAZARUS and QUILLIN, JJ., concur.
QUILLIN, J., retired of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.